**In the Matter of E.P.C., Jr.**

**No. 04–82–00410–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 22, 1982.

James P. Sieloff, Law Offices of C. David Evans, Inc., San Antonio, for appellant.

Bill White, Dist. Atty., Peter A. Sakai, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and REEVES, JJ.

## OPINION

PER CURIAM.

This is an appeal from an order declaring appellant, E.P.C. to be a delinquent child and placing him on probation.

The State's petition alleged appellant had engaged in sexual intercourse with a female under the age of 17 years in violation of § 21.09 of the Texas Penal Code. The petition alleged that appellant was born on March 8, 1967.

At the beginning of the adjudication hearing it was stipulated that the victim was born on September 8, 1965.

Section 21.09(c) provides that in a prosecution for rape of a child it is an affirmative defense "that the actor was not more than two years older than the victim." The State's pleading, the evidence and the stipulation establish that, at the time of the alleged offense, appellant was younger than the victim. This matter was properly brought to the trial court's attention by appellant at the time the State rested. At that time, the trial court said:

... I will find as a trier of the facts the affirmative defense has not been established because of ... the fact that though this child is chronologically sixteen years of age, the evidence is sufficient to demonstrate this child is functioning on a seven-year-old level and is handicapped with cerebral palsy as well as mental retardation. And I say editorially I don't think the legislature envisioned they would have a straight chronological test to be applied to these things.

And that the trier of facts and the trial court are able to apply some reasonableness to these cases. And on the fact I find the affirmative defense had not been established. . . .

The State has confessed error. We agree that the novel theory of the trial court must be rejected. The statute is clear and unambiguous and there is no basis for the conclusion that the legislature had in mind something other than chronological age. Sexual intercourse with a mentally retarded female constitutes the crime of rape under § 21.02 of the Texas Penal Code. It is clear that the legislature, when it wanted to protect mentally retarded females, had no difficulty in using language adequate to afford such protection. The defense, based on difference in ages, to a charge of rape of a child under § 21.09 is not available to a person charged with intercourse with a mentally retarded female under § 21.02.

The judgment of the trial court is reversed and judgment is here rendered in favor of appellant.